**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **BIENVENU KULUNGU,** | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-26-00023** |
| **v.** | * | |
| **TRUIST BANK,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * *

**MEMORANDUM OPINION**

This matter is before the Court on self-represented plaintiff Bienvenu Kulungu's ("Plaintiff") Motion to Remand, ECF No. 5, defendant Truist Bank's ("Defendant") Motion to Compel Arbitration, ECF No. 8, and Plaintiff's Motion for Sanctions, ECF No. 17. No hearing is necessary. Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Court shall grant Defendant's Motion to Compel Arbitration and deny Plaintiff's motions.

## I. FACTUAL BACKGROUND

Plaintiff, a Maryland resident, entered into a Retail Installment Sale Contract ("Loan Agreement") with non-party Koons Ford of Silver Spring for the purchase and financing of a motor vehicle. *See* ECF No. 8-2, Declaration of K. LaMar Mack ("Mack Decl.")[1] ¶¶ 4–6, Ex. 1. Defendant is a banking corporation that maintains its principal place of business in North Carolina. ECF No. 1 at 2. The Loan Agreement was assigned to Defendant for servicing the

[1] The declarant K. LaMar Mack is an executive employee of Defendant with access to, and general familiarity with, records Defendant maintains in the ordinary course of business, including motor vehicle loan agreements assigned to Defendant and motor vehicle loan files. *See* Mack Decl. ¶¶ 1–2.

same day it was executed. *See* Mack Decl. ¶ 7, Ex. 1 at 1. Plaintiff thereafter made payments on the loan pursuant to the Loan Agreement. *See* Mack Decl. ¶ 8.

The Loan Agreement contains an arbitration provision. Prominent notice of the arbitration provision appears on the face of the document, in bold capital letters within the title at the center top of its first page, stating "RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE (WITH ARBITRATION PROVISION)." Mack Decl., Ex. 1 at 1. The first page also includes the following statement under the header in bold type "Agreement to Arbitrate":

> By signing below, you agree that, pursuant to the Arbitration Provision on page 5 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

*Id.* Plaintiff's signature appears below this statement. *Id.* As noted in the "Agreement to Arbitrate" statement, the arbitration provision appears on the fifth of the document's five pages. *Id.* at 5. It states, in part:

> Any claim or dispute, whether in contract, tort, statute or otherwise . . . between you and us . . . , which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

*Id.* Plaintiff's signature appears on the Loan Agreement directly above the arbitration provision and is dated December 17, 2018. *Id.*

Plaintiff's loan amounted to $56,401.10, and, when it matured, there remained an outstanding balance of $9,965.11. ECF No. 5-1, Amended Complaint ("Am. Compl.") ¶ 1. At that point, Defendant repossessed the vehicle and sent it to auction. *Id.* On September 8, 2025, Plaintiff paid the remaining balance and recovered the vehicle. *Id.* Since Plaintiff regained possession of the vehicle, he alleges, Defendant has failed to provide him with the vehicle title or a valid registration, and repeated attempts to retrieve these documents from Defendant have

been futile. *Id.* ¶ 2. Plaintiff also contends that his vehicle was damaged while repossessed and that Defendant has refused to complete repairs. *Id.* ¶¶ 8–9. Plaintiff has communicated by phone with Defendant almost every week since regaining the vehicle and maintains that Defendant has made "promises" about delivering the title that it has not fulfilled. *Id.* ¶¶ 2, 4. Plaintiff does not have the documentation necessary to drive his vehicle, which has prevented him from going to work to support his family. *Id.* ¶ 6. Plaintiff alleges that Defendant's conduct has caused "irreparable damage" to his family, put him in danger of losing his home, and caused mental and physical health problems. *Id.*

## II. PROCEDURAL BACKGROUND

Plaintiff filed an initial complaint in the Circuit Court of Maryland for Howard County on November 21, 2025. ECF No. 2. On December 8, 2025, Plaintiff filed an amended complaint, claiming the vehicle title and $190,000,000 for "irreparable damages, serious abuse, exploitation, severe pain and suffering, severe negligence, severe emotional distress, financial loss, current and future medical problems, discrimination, violation of liberty, inhuman treatment, unfair practices, and serious violation of consumer protection laws." Am. Compl. at 3. Plaintiff also requests punitive damages for "abuse, unfair practices, and a serious violation of consumer protection laws." *Id.*

On January 2, 2026, Defendant removed the matter to this Court, ECF No. 1, which Plaintiff opposed in a Motion to Remand, ECF No. 5. Defendant then filed a Motion to Compel Arbitration. ECF No. 8. Plaintiff filed a response in opposition to Defendant's Motion to Compel Arbitration, ECF No. 9, and Defendant filed a response in opposition to Plaintiff's Motion to Remand, ECF No. 11, to which Plaintiff replied, ECF No. 12. Defendant then filed a reply in support of the Motion to Compel Arbitration. ECF No. 15. Plaintiff then filed a

Motion for Sanctions. ECF No. 17. Upon Order of the Court, Defendant filed a response to the Motion for Sanctions, ECF No. 22, and Plaintiff replied in support of that motion, ECF No. 26.

## III. MOTION TO REMAND

Plaintiff's motion to remand this action to state court is meritless and must be denied.

### A. Standard of Review

When a plaintiff files a civil action in state court, a defendant may remove the action to "the district court of the United States for the district and division embracing the place where such action is pending[,]" if the federal district courts have "original jurisdiction" over the matter. 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing, by a preponderance of the evidence, the facts necessary to support federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

After removal, a party may move to remand the case to state court based on a lack of subject matter jurisdiction or a defect in the removal process. *Thomas v. Maryland*, No. 24-1837, 2024 WL 5102862, at *1 (4th Cir. 2024) (citing 28 U.S.C. § 1447(c)). A district court must remand any case over which it lacks subject matter jurisdiction. *Byrd v. Deveaux*, Civ. No. DKC-17-3251, 2018 WL 305838, at *1 (D. Md. Jan. 5, 2018) (citing 28 U.S.C. § 1447(c) and *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).

In evaluating a motion to remand, courts strictly construe the removal statute and resolve all doubts in favor of remand. *Rice v. Mayor of Balt.*, Civ. No. RDB-15-3396, 2016 WL 1696536, at *4 (D. Md. Apr. 28, 2016); *see also Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 225, 260 (4th Cir. 2005) ("If federal jurisdiction is doubtful, a remand is necessary."). At the same time, courts are obliged to scrutinize jurisdictional challenges carefully and may not simply "point jurisdictional traffic" toward state courts. *Rice*, 2016 WL 1696536, at *4. A court has the authority to look beyond the pleadings and consider evidence, including affidavits,

accompanying either a notice of removal or a motion to remand. *Eldridge v. Baltimore Cnty.*, Civ. No. ELH-25-3627, 2026 WL 1020630, at *9 (D. Md. Apr. 15, 2026) (citations omitted).

**B. Analysis**

Defendant removed this action from the Circuit Court for Howard County based on diversity jurisdiction. *See* ECF No. 1 (notice of removal). Under 28 U.S.C. § 1332, federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Here, Plaintiff is a citizen of Maryland, Defendant is a citizen of North Carolina, and the amount in controversy, as alleged by Plaintiff, well exceeds $75,000. *See* Am. Compl. at 3.

Plaintiff does not dispute these jurisdictional facts. Instead, Plaintiff argues that remand is necessary because Maryland law governs car title disputes. *See* ECF No. 9 at 1–3. That argument misunderstands diversity jurisdiction. When the requirements of diversity jurisdiction under 28 U.S.C. § 1332 are met, a federal court is authorized to hear claims based on state law. *See, e.g.*, *Betskoff v. Enter. Rent A Car Co. of Baltimore, LLC*, Civ. No. ELH-11-2333, 2012 WL 32575, at *3 (D. Md. Jan. 4, 2012) ("Diversity jurisdiction provides another avenue for federal courts to hear claims under state law."); *McCray v. Columbia Care Ctr.*, No. CA 3:09-1872-RBH, 2009 WL 3839467, at *3 n.3 (D.S.C. Nov. 16, 2009) ("State law claims can be considered in federal court if diversity jurisdiction exists.") Diversity jurisdiction does not require the presence of a federal question. There is no dispute that the requirements of § 1332 are satisfied here. Therefore, Plaintiff's motion to remand must be denied.

## IV. MOTION TO COMPEL ARBITRATION

Defendant moves to compel arbitration, and to stay proceedings in this action pending arbitration, based on the arbitration provision in the Loan Agreement. The Court finds the parties' arbitration agreement to be valid and enforceable and that compelling arbitration is appropriate. Defendant's motion shall be granted.

**A. Standard of Review**

The Federal Arbitration Act ("FAA") provides that, in any contract involving interstate commerce, a provision in which the parties agree to arbitrate their disputes shall be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided . . . ." 9 U.S.C. § 2. This statute "reflects an 'emphatic federal policy in favor of arbitral dispute resolution.'" *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (per curiam) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 631 (1985)). "When the parties have agreed to an arbitration clause . . . courts apply 'a presumption of arbitrability,' such that 'an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Waterford Inv. Servs., Inc. v. Bosco*, 682 F.3d 348, 353 (4th Cir. 2012) (quoting *Washington Square Sec., Inc. v. Aune*, 385 F.3d 432 (4th Cir. 2004)), and *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). The "party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

"Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 501 (4th Cir. 2002). As such, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening the [FAA]." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). However, state law defenses must not be applied "in a fashion that disfavors arbitration," and they must not "rely on the uniqueness of

an agreement to arbitrate" as grounds for invalidating it. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011) (quoting *Perry v. Thomas*, 482 U.S. 483, 493 (1987)).

**B. Analysis**

Defendant seeks an order compelling Plaintiff to arbitrate her claims against it and staying this action. ECF No. 8 at 1. In opposition to Defendant's motion, Plaintiff argues that the agreement to arbitrate is "invalid in this case and cannot be applied to this major case." ECF No. 9 at 2. Plaintiff also contends, among other things, that the arbitration provision was inconspicuous and, in any event, this case is outside the scope of the agreement. *Id.*

For the reasons explained below, the Court finds that there is a valid and enforceable arbitration agreement between the parties and that Plaintiff's claims fall within its scope. Accordingly, Defendant's motion will be granted.

**1. Validity of the Arbitration Agreement**

The Court first finds the arbitration agreement between the parties to be valid and enforceable. "Under Maryland law, to be binding and enforceable, an arbitration agreement must be a valid contract[]" and "must be supported by consideration." *Hill v. Peoplesoft USA, Inc.*, 412 F.3d 540, 543 (4th Cir. 2005) (citing *Cheek v. United Healthcare of Mid-Atl., Inc.*, 835 A.2d 656, 661 (Md. 2003)). A valid contract requires mutual assent. *Id.* Here, Plaintiff assented to the Loan Agreement—which included the arbitration provision—in exchange for financing his motor vehicle. Moreover, the arbitration agreement is supported by adequate consideration, as both parties mutually agreed to arbitrate disputes. *See Bopda v. Comcast of the Dist., LLC*, Civ. No. PJM-22-2889, 2023 WL 6292767, at *3 (D. Md. Sept. 27, 2023), *aff'd*, 2024 WL 399081, at *2 (4th Cir. Feb. 2, 2024) ("A mutual promise to arbitrate constitutes sufficient consideration for an arbitration agreement.").

Plaintiff does not appear to dispute his assent to the Loan Agreement but instead challenges the validity of the arbitration provision, asserting that it was "not transparent, lacked

clarity, [and] was buried in fine print." ECF No. 9 at 2. The record does not support that contention. The Loan Agreement repeatedly and conspicuously alerted Plaintiff to the inclusion and terms of the arbitration provision. The title on the first page of the agreement includes the bold and capitalized parenthetical notation: "WITH ARBITRATION PROVISION." Mack Decl., Ex. 1 at 1. On the same page, Plaintiff signed directly beneath a clear acknowledgment stating that, by signing, he agreed that either party could elect to resolve disputes through binding arbitration rather than in court, and directing him to review the arbitration provision for additional details. *Id.* Plaintiff again acknowledged and accepted the arbitration provision on page five of the agreement, where he signed beneath a paragraph confirming that he had received and reviewed the contract, including the arbitration provision, prior to execution. *Id.* at 9. The arbitration provision itself begins with a bold, capitalized heading: "ARBITRATION PROVISION PLEASE REVIEW—IMPORTANT—AFFECTS YOUR LEGAL RIGHTS." *Id.* Considering these repeated and conspicuous disclosures, the arbitration provision cannot reasonably be characterized as hidden or unclear. *See Reed v. LTN Glob. Commc'ns, Inc.*, Civ. No. JRR-24-03649, 2025 WL 2653196, at *6 (D. Md. Sept. 16, 2025) (finding arbitration clause not hidden where it was "clearly delineated with an underlined heading"); *Brooks v. Prestige Fin. Servs., Inc.*, 827 F. Supp. 2d 509, 514 (D. Md. 2011) ("[T]he provision uses bold and capitalized lettering and is conspicuous."); *Brooks v. Citibank*, 827 F. Supp. 2d 509, 514 (D. Md. 2011) (same).

Plaintiff's suggestion that this case falls "outside the scope" of the arbitration agreement because it sounds in tort rather than contract is also unavailing. ECF No. 9 at 2. The arbitration agreement expressly encompasses "[a]ny claim or dispute, whether in contract, *tort*, statute, or otherwise." ECF No. 8-2 at 9 (emphasis added). By its plain terms, therefore, the agreement covers all claims arising from the Loan Agreement or the purchase of the vehicle, including tort claims.

Plaintiff's argument that he was "not given a meaningful choice" in signing the Loan Agreement and arbitration provision, ECF No. 9 at 2, is unsupported by the record and, in any case, does not render the arbitration agreement unenforceable. An arbitration agreement must be both procedurally and substantively unconscionable for a court to decline enforcement. *Rankin v. Brinton Woods of Frankford, LLC*, 211 A.3d 645, 655 (Md. Ct. Spec. App. 2019) (citing *Doyle v. Fin. Am., LLC*, 918 A.2d 1266 (Md. Ct. Spec. App. 2007)).

> Procedural unconscionability "concerns the process of making a contract and includes such devices as the use of fine print and convoluted or unclear language, as well as deficiencies in the contract formation process, such as deception or a refusal to bargain over contract terms."
>
> * * *
>
> Substantive unconscionability, on the other hand, "refers to contractual terms that are unreasonably or grossly favorable to the more powerful party and includes terms that attempt to alter in an impermissible manner fundamental duties otherwise imposed by the law[.]"

*Id.* at 655–56 (quoting *Stewart v. Stewart*, 76 A.3d 1221 (Md. Ct. Spec. App. 2013)).

Plaintiff fails to establish that the arbitration agreement is procedurally unconscionable. While he alleges that he was "not given a meaningful choice," Plaintiff does not allege that he attempted to negotiate its terms only to have Koons Ford refuse negotiation. *See Brooks*, 827 F. Supp. 2d at 514 (finding no procedural unconscionability where the plaintiff did not attempt to bargain or allege that financing was conditioned on acceptance of the terms). But even if the arbitration provision was standardized and non-negotiable, that fact alone would not render it unenforceable. *See Walther v. Sovereign Bank*, 872 A.2d 735, 746 (Md. 2005) ("The fact that a contract is one of adhesion does not mean that either it or any of its terms are invalid or unenforceable.") (quoting *Meyer v. State Farm Fire & Cas. Co.*, 582 A.2d 275, 278 (Md. 1990)). "A contract of adhesion is not automatically deemed *per se* unconscionable." *Id.* at 746. Here, the language of the arbitration provision does not lack clarity, and, as noted *supra*, it is

not hidden in fine print or by any means of obfuscation. Furthermore, Plaintiff fails to show that he was deceived into accepting the arbitration provision. In these circumstances, the Court cannot find the arbitration agreement to be procedurally unconscionable.

Plaintiff also fails to show that the arbitration provision is substantively unconscionable. Plaintiff characterizes the arbitration provision as "one-sided," ECF No. 9 at 2, but it permits either party to elect arbitration, *see* Mack Decl., Ex. 1 at 1, 5. It does not give either party any greater or lesser right to choose arbitration.

For the foregoing reasons, the Court finds that the parties' arbitration agreement is valid and enforceable.

**2. Compelling Arbitration**

To prevail on a motion to compel arbitration under the FAA, the moving party must show "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [other party] to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991); *see also Wood v. Uber Technologies, Inc.*, Civ. No. TDC-23-2149, 2024 WL 69926, at *3 (D. Md. Jan. 5, 2024). All four factors are satisfied in this case.

First, there is a clear dispute between the parties. Plaintiff has asserted claims for relief against Defendant for alleged misconduct and seeks an award of monetary damages. *See generally* Am. Compl. Defendant filed an answer denying liability and moved to compel arbitration, which Plaintiff opposes. Thus, a dispute exists between the parties.

Second, the Loan Agreement is "a written agreement that includes an arbitration provision[,]" *Whiteside*, 940 F.2d at 102, which this Court finds to be valid. There is also no credible dispute that the Plaintiff's claims fall squarely within the scope of the arbitration

provision. The provision expressly applies to "any claim or dispute, whether in contract, tort, statute or otherwise, between [Plaintiff] and [Defendant] … which arises out of or relates to your credit application, purchase or condition or this vehicle, this contract or any resulting transaction or relationship…" Mack Decl., Ex. 1 at 5. The claims here plainly relate to the motor vehicle purchased through the Loan Agreement and Plaintiff's financial relationship with Defendant.

Third, the transaction at issue in this case implicates interstate commerce. "[T]he FAA does not impose a burden upon the party invoking the FAA to put forth specific evidence proving the interstate nature of the transaction." *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 697 (4th Cir. 2012) (citation omitted). A "specific effect upon interstate commerce" need not be identified, "so long as 'in the aggregate[,] the economic activity in question would represent a general practice . . . subject to federal control.'" *Id.* at 697–98 (quoting *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56–57 (2003)). The Fourth Circuit has recognized that a "consumer credit arrangement between a citizen of one state and a financing company in another," like the one at issue here, wherein a consumer relies upon funds from an out-of-state source, "is sufficient to implicate the FAA." *Rota-McLarty*, 700 F.3d at 697. Plaintiff does not dispute that the transaction at issue in this litigation implicates interstate commerce. The interstate commerce factor is satisfied here.

Finally, Plaintiff has declined to arbitrate his claims and, instead, has filed suit and opposed Defendant's Motion to Compel Arbitration. In short, Plaintiff has "refus[ed] . . . to arbitrate the dispute." *Whiteside*, 940 F.2d at 102.

The Court finds that Defendant has satisfied its burden of showing that compelling arbitration is appropriate in this matter. Accordingly, the Court shall grant Defendant's Motion to Compel Arbitration and shall stay proceedings in this action pending arbitration.

## V. MOTION FOR SANCTIONS

Plaintiff moves for sanctions against Defendant and its counsel. Although not entirely clear, Plaintiff appears to seek sanctions on two grounds: (1) Defendant's counsel cited the original complaint rather than the amended complaint in its Motion to Compel Arbitration and other filings in this case, and (2) Defendant omitted certain state court filings, including Plaintiff's amended complaint, from its notice of removal. *See* ECF No. 17 at 2–3. Plaintiff's motion for sanctions is without merit and shall be denied.

Rule 11 of the Federal Rules of Civil Procedure requires parties to certify that their filings are well grounded in fact and law after a reasonable inquiry and authorizes sanctions for noncompliance. Fed. R. Civ. P. 11(b); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (explaining that Rule 11 sanctions are intended to deter baseless filings and maintain the integrity of judicial proceedings); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing courts' inherent power to impose sanctions for conduct that abuses the judicial process). Sanctions are not to be imposed lightly. "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell*, 496 U.S. at 39.

Plaintiff is not entitled to sanctions under Rule 11. The merits of Defendant's removal of the case to this Court and subsequent Motion to Compel Arbitration do not turn on any amendment Plaintiff made to his original complaint. Any error Defendant made by citing the original complaint instead of Plaintiff's amended pleading is immaterial to the questions of whether the case was properly removed or should be remanded and whether Plaintiff's claims are subject to arbitration. The Court finds no basis to conclude that Defendant acted in bad faith or attempted to mislead the Court. Although Plaintiff notes that Defendant's civil cover sheet references an allegation from the original complaint, that inclusion is inconsequential and has no bearing on the merits of any disputed issue in this case.

As to the allegedly omitted state court filings, Defendant represents that it was not properly served with those papers. *See* ECF No. 22 at 3. In any event, Plaintiff does not dispute that any omitted materials were subsequently provided through Defendant's Local Rule 105.5(a) certification. *Id.* Plaintiff has not demonstrated any resulting prejudice.

In short, the issues identified by Plaintiff reflect, at most, minor and inconsequential errors that do not warrant the imposition of sanctions. Therefore, Plaintiff's Motion for Sanctions shall be denied.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration will be GRANTED, and Plaintiff's motions will be DENIED. This action shall be STAYED pending arbitration. A separate Order will follow.

August 21, 2026
Date

/S/
Matthew J. Maddox
United States District Judge